Seaboard Air Line Railway Companies, and their sureties. All are bound to plaintiff and the joint defendants, *tort-feasors,* must contribute.

C. S., 618 provides that when payment is made by one of several joint *tort-feasors,* then transfer is to be made to a trustee for payor, etc.

We can see no reason for holding up the collection of plaintiff's judgment while the defendants, joint *tort-feasors,* litigate between themselves. By paying the whole judgment, the Southern Railway Company, under C. S., 618, can lose no right it has against the Seaboard Air Line Railway Company, or its surety, the National Surety Company. The surety, the National Surety Company, is a party to the judgment and bound thereby and cannot now raise the question of its liability to the defendant Southern Railway Company, when it pays said judgment in full and requires the transfer of said judgment of plaintiff to a trustee by virtue of the provision of C. S., 618. The judgment below is

Reversed.

STACY, C. J., took no part in the consideration or decision of this case.

---

R. A. HAMILTON v. SOUTHERN RAILWAY COMPANY AND SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 29 June, 1932.)

(For digest see *Hamilton v. R. R., ante,* 136.)

APPEAL by National Surety Company from *Small, J.,* at December Term, 1931, of WAKE. Reversed.

*Clyde A. Douglass and R. N. Simms for plaintiff.*
*S. Brown Shepherd for National Surety Company.*

CLARKSON, J. For the reasons given in the opinion in *Hamilton v. R. R., ante,* 136, the judgment of the court below is

Reversed.

---

R. A. HAMILTON v. SOUTHERN RAILWAY COMPANY AND SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 29 June, 1932.)

(For digest see *Hamilton v. R. R., ante,* 136.)

APPEAL by defendant, Seaboard Air Line Railway Company from *Small, J.,* at December Term, 1931, of WAKE.

*Clyde A. Douglass and R. N. Simms for plaintiff.*
*Murray Allen for Seaboard Air Line Railway Company.*

CLARKSON, J. For the reasons given in the opinion in *Hamilton v. R. R., ante,* 136, the judgment of the court below is
Reversed.

---

J. M. OLDHAM AND WIFE, MARY A. OLDHAM, J. LEAK SPENCER, A. BURWELL, LEE A. FOLGER, G. G. GALLOWAY AND WIFE, CARRIE MARSHALL GALLOWAY, W. J. BROWN, ADOLPH M. YOUNG AND WIFE, NANCY YOUNG, E. C. SWEENEY AND WIFE, L. W. SWEENEY, C. W. JOHNSTON, J. A. C. WADSWORTH, M. L. CANNON, EDWIN L. JONES AND WIFE, ANNABELLE LAMBETH JONES, STERLING GRAYDON, H. A. LONDON, WM. H. PORCHER AND WIFE, ACTON LATTA PORCHER, FRANK O. SHERRILL AND WIFE, RUTH J. SHERRILL, F. M. REDD AND CHARLOTTE CONSOLIDATED CONSTRUCTION COMPANY, A CORPORATION, IN BEHALF OF THEMSELVES AND ALL OTHER PERSONS OWNING LOTS IN THE SUBDIVISION OF DILWORTH, HEREINAFTER REFERRED TO, WHO MAY COME IN AND MAKE THEMSELVES PARTIES PLAINTIFF IN THIS ACTION, v. T. S. McPHEETERS AND JOHN CROSLAND.

(Filed 29 June, 1932.)

**Deeds and Conveyances C g—Refusal of injunction against violation of restrictive covenants is upheld in this case.**

An order denying a motion for injunction against the violation of restrictive covenants in a deed by the grantee's successor in title, based upon findings that the nature of the development had so substantially changed as to render the enforcement of the restriction inequitable, is affirmed in this case.

APPEAL by plaintiffs from *Cowper, Special Judge,* at October Special Term, 1931, of MECKLENBURG. Affirmed.

This is an action brought by plaintiffs against the defendants in which "plaintiffs pray that the defendants, and each of them, their servants, agents and representatives, be perpetually enjoined from erecting or maintaining upon the defendant's said property any filling station, stores, buildings or structures other than those permitted by the deed conveying said property. . . . And that they be perpetually enjoined and restrained from violating in any particular the conditions and restrictions mentioned in this complaint, and for such other and further relief as the plaintiff may be entitled to in the premises."

A jury trial was waived by the parties and it was agreed that his Honor, Judge G. V. Cowper, should hear the cause and decide the issues